1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  MARY D. HASEL,                    )   Case No. CV 07-928-PHX-MHM
                                     )
10            Plaintiff,             )
                                     )
11  vs.                             )   **ORDER**
                                     )
12                                   )
   MICHAEL J. ASTRUE, Commissioner   )
13 of Social Security,               )
                                     )
14            Defendant.             )
                                     )
15 _____ )

16        Currently before the Court is Plaintiff Mary Hasel's ("Plaintiff") Application for

17 Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

18 (Dkt. #23).  Defendant Michael J. Astrue ("Commissioner") filed an Opposition to

19 Plaintiff's Application.  (Dkt. #24).  After reviewing the pleadings, the Court issues the

20 following Order.

21 **I.      BACKGROUND**

22        This case came before the Court on Plaintiff's complaint for review of the

23 Administrative Law Judge's ("ALJ") denial of Plaintiff's claim for various disability

24 benefits under the Social Security Act.  (Dkt. #1).  On September 29, 2008, the Court

25 granted summary judgment in favor of Plaintiff and remanded the action for a calculation

26 of benefits.  (Dkt. #21).

27        On December 10, 2008, Stephanie Lake, Plaintiff's counsel, filed the instant

28 application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §

2412(d)(1)(A) ("EAJA"). (Dkt. #23). Plaintiff's counsel requests a total of $6,525.66, representing $350.00 in costs and $6,525.66 in fees for 37.1 hours of attorney time. (Dkt. #23, Appx. A). The Commissioner opposes Plaintiff's EAJA request, contending that Plaintiff is not entitled to EAJA attorney fees because its position was substantially justified, and in the alternative, Plaintiff's claimed attorney fees are excessive and unreasonable. (Dkt. #24). In addition, the Commissioner contends that any EAJA fees awarded by the Court must be paid directly to Plaintiff, rather than her attorney. (Id., pp. 11-13).

## II.   REQUEST FOR ATTORNEY'S FEES

### A.   Substantial Justification

Section 2412(d)(1)(A) of the EAJA provides that a prevailing party in any civil action brought by or against the United States shall be reimbursed for fees and other expenses incurred by that party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To award attorney's fees under the EAJA, the Court must determine: (1) that the claimant is a "prevailing party"; (2) that the Commissioner has not met his burden of showing that its position with respect to the issue(s) on which the Court based its remand was "substantially justified" or that special circumstances make an award unjust; (3) that the requested fees and costs are reasonable. See Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002); see generally Lewis v. Barnhart, 281 F.3d 1081 (9th Cir. 2002).

"The government has the burden of proving that its position was substantially justified." Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000) (citing Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996)). "'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Lewis, 281 F.3d at 1083 ("The Commissioner is 'substantially justified' if his position met the traditional reasonableness standard – that is justified in

substance or in the main, or to a degree that could satisfy a reasonable person.") (internal quotation marks and citations omitted). "The government's position must be 'substantially justified' at 'each stage of the proceedings.'" <u>Corbin</u>, 149 F.3d at 1052 (quoting <u>Williams v. Bowen</u>, 966 F.2d 1259, 1261 (9th Cir. 1991)). In addition, "a position can be justified even though it is not correct." <u>Underwood</u>, 487 U.S. at 566 n.2.

In its September 29, 2008 Order, the Court remanded this case for an award of benefits because the ALJ (1) improperly rejected third-party statements (Dkt. #21, p.14), (2) improperly rejected Plaintiff's testimony regarding the severity of her symptoms and pain (id. at pp. 16-17), and (3) failed to explain his conclusion that Plaintiff was disabled under Listing 1.02A prior to June 6, 2004 (id., pp. 14-16). Plaintiff contends that the Court's decision to grant summary judgment in Plaintiff's favor and remand the case for payment of benefits, "describes the errors committed by the administrative law judge, thus showing that the United State's position in this case was not substantially justified." (Dkt. #23, p.3). Defendant, on the other hand, contends that the Commissioner was substantially justified in defending on appeal the ALJ's determinations that Plaintiff was not disabled prior to June 6, 2004, for each of the reasons noted above. (Dkt. #24, pp. 4-8).

First, the Court rejected the ALJ's decision to discount the third-party statements of Lisa Cortez because "the ALJ pointed to nothing in the record to support [the] contention" that "Ms. Cortez's statements were inconsistent with Plaintiff's testimony and the objective medical evidence." (Dkt. #21, p.14). However, "the Commissioner submits that the ALJ's express reliance on Dr. Erickson's opinion appeared to explain the ALJ's rejection of Ms. Cortez's testimony." (Dkt. #24, p. 5). The Commissioner cites to <u>Lewis v. Apfel</u> for the proposition that the ALJ's conclusion that Ms. Cortez's statements were inconsistent with the medical evidence is sufficient, and a more detailed explanation is not required. 236 F.3d 503, 511 (9th Cir. 2002). But in <u>Lewis</u>, although the ALJ did not specifically cite to the record, the ALJ did give specific reasons, drawn from the record, to support his decision to disregard the testimony of the petitioner's family

1   members.  Id.  Here, on the other hand, the ALJ merely repeated Ms. Cortez's statements
2   and then stated that they were inconsistent with the medical record.  That is insufficient to
3   allow the Court to determine what record(s) the ALJ was alluding to in coming to his
4   conclusion.  And even if the Court assumed that the ALJ was referring to Dr. Erickson's
5   June 10, 2003 opinion, Dr. Erickson merely opined that Plaintiff was limited in her ability
6   to do "any work that would require her to be on her feet more than approximately five
7   minutes out of each hour.  I do not feel she would be able to walk more than
8   approximately 100 feet at a time."  (AR 496, 557).  That does not appear to contradict
9   Ms. Cortez's testimony that Plaintiff could not stand for long periods and could not sit
10  "unless her feet [we]re propped up with a pillow."  (AR 236).  Thus, the Court cannot
11  conclude that the Commissioner's position with respect to the ALJ's rejection of Ms.
12  Cortez's testimony was substantially justified.

13         Second, the Court held that "the ALJ did not properly consider Plaintiff's
14  testimony regarding the severity of her symptoms and pain" because "[t]he ALJ did not
15  provide clear and convincing reasons, supported by specific findings, to justify his
16  adverse credibility determination."  (Dkt. #21, p.16).  However, the Commissioner argues
17  that its position was substantially justified because "the ALJ expressly relied on and
18  quoted from the June 10, 2003 opinion of treating source Dr. Erickson" in concluding that
19  Plaintiff's "allegations that she was incapable of all work activity" and "could not walk
20  on uneven ground for the last four years and could only walk 20-25 feet without
21  stopping" were "not supported by the objective medical evidence."  (AR 25; see also Dkt.
22  #24, pp. 5-6).  The Commissioner then notes that a court's inquiry under 42 U.S.C.
23  405(g) "is whether the record, read as a whole, yields such evidence as would allow a
24  reasonable mind to accept the conclusions reached by the law judge."  Sample v.
25  Schweiker, 694 F.2d 639, 642 (9th Cir. 1982) (emphasis added by Defendant).  However,
26  the Commissioner also "concedes that there have been subsequent Ninth Circuit cases to
27  the contrary . . ."  (Dkt. #24, p.7).  Regardless, the Court need not address those
28  statements, because despite the Commissioner's contention to the contrary, the Court did

consider the record as a whole in determining whether the record supported the conclusions reached by the ALJ.  But here, again, the ALJ did not explain how he arrived at his conclusion that Plaintiff's testimony was contradicted by the Dr. Erickson's opinion, and the Court fails to see how that opinion does in fact contradict Plaintiff's statements.  See Corbin, 149 F.3d at 1053 ("[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain.").  Dr. Erickson's June 10, 2003 statements do not address whether Plaintiff was capable of work activity, could walk on uneven ground; the only possible contradiction is that Dr. Erickson opined that he did not believe Plaintiff could walk more than 100 feet at a time, and Plaintiff testified that she could only walk 20-25 feet before she had to rest.  As the Court stated in its previous Order, this is an instance where although the "lack of medical evidence supporting the degree of severity of symptoms is a factor to be considered, the ALJ may not reject subjective complaints based solely on a lack of objective medical evidence." (Dkt. #21, p.17).  Thus, the Court cannot conclude that the Commissioner's position with respect to the ALJ's rejection of Plaintiff's testimony was substantially justified.  Cf. Wolverton v. Heckler, 726 F.2d 580, 583 (9th Cir. 1984) (awarding fees where the ALJ was not reversed for improper balancing, but because there was no evidence contradicting the medical experts' findings).

Finally, the Court held that "the ALJ did not make any findings regarding his conclusion" that Plaintiff "did not meet the inability to ambulate effectively as stated in Listing 1.02A prior to June 6, 2004." (Dkt. #21, p.15; AR 25).  The Commissioner argues that "the ALJ expressly relied on and quoted from Dr. Erickson's opinion as to Plaintiff's functional limitations," and thus "the ALJ's findings had a reasonable basis in law and fact such that the Commissioner's position was substantially justified."  In addition, the Commissioner points to Dr. Shallenberger's opinion that Plaintiff could perform lifting and carrying requirements for light work and although limited in her ability to push or pull with her legs, could stand and walk for approximately two hours in a work day. (Dkt. #21, p.8; AR 276).  Although the Court found that the ALJ did not

1   properly address how the medical evidence supported his conclusion that Plaintiff was

2   able to ambulate effectively, and that Dr. Erickson or Dr. Shallenberger's testimony was

3   not sufficient to ultimately support that conclusion, Dr. Shallenberger's opinion provides

4   a reasonable basis for the Commissioner's position with respect to the ALJ's finding that

5   Plaintiff's impairments did not meet or equal the requirements of the listings prior to June

6   6, 2004.  Thus, with respect to the ALJ's finding as to Listing 1.02A, the Commissioner's

7   position was justified.  See Underwood, 487 U.S. at 566 n.2; see also Albrecht v. Heckler,

8   765 F.2d 914, 916 (9th Cir. 1985) (when "the ALJ is reversed for a failure to weigh

9   conflicting medical evidence properly, an award of fees is inappropriate").  However, as

10  the Commissioner's positions with respect to the ALJ's decision to reject Plaintiff and

11  Ms. Cortez's testimony, on which the Court also based its decision to remand, was not

12  substantially justified, the Court cannot conclude that the Commissioner's defense on

13  appeal of the ALJ's determination was substantially justified, and thus Plaintiff is entitled

14  to reasonable EAJA attorney fees.  See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir.

15  1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees

16  . . . once the district court has made a determination that the government's position lacks

17  substantial justification.").

18          **B.  Reasonableness of the Number of Hours Claimed**

19          In the alternative, Defendant disputes the amount of Plaintiff's requested

20  attorney's fees.  Specifically, Defendant contends that Plaintiff's requested fees of

21  $6,175.66, representing 37.1 hours of work, should be reduced to $4,519.39, representing

22  27.15 attorney hours, a reduction of 9.95 hours of work.  (Dkt. #24, p.11).  Defendant

23  offers multiple objections to Plaintiff's counsel's claimed attorney hours to support the

24  proposed reduction: "Plaintiff's attorneys' hours are unreasonable considering the routine

25  issues raised, the lack of success in most of the arguments and in the remedy sought in

26  this Court, the hours claimed for Plaintiff's own extension of time, and the various

27  clerical hours claimed as attorney work."  (Id., p.9).  Specifically, Defendant requests that

28  the claimed hours be reduced (1) by four hours due to the alleged routine nature of the

case, (2) by three hours because Plaintiff did not succeed in all of her arguments, (3) by 0.9 hours for seeking extensions of time, (4) from 2.3 to 1.3 hours for communications with Plaintiff after the Complaint was filed, and (5) from 1.5 to 0.75 hours for preparing the instant Motion for Attorney's Fees in the event the Court finds the claimed hours are excessive.  (Id., pp. 9-11).

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail."  Patterson, 99 F.Supp.2d at 1213.  As such, "[t]he Court will not second-guess counsel about the time necessary to achieve a favorable result for his client."  Kling v. Sect'y of Dept. of Health & Human Servs., 790 F.Supp. 145, 152 (N.D. Ohio 1992).  However, if the requested fees are not shown to be reasonable, then the Court may reduce the award.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("It remains for the district court to determine what fee is 'reasonable.'"); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (applying Hensley to cases involving the EAJA).  Thus, "[t]he district court should exclude from [the] initial fee calculation hours that were not 'reasonably expended[,] . . . [and] hours that are excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 434; see also Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987) ("Those hours may be reduced . . . if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary..").

First, the Commissioner requests that Plaintiff's claimed attorney hours be reduced by four hours because "Plaintiff's attorney raised only routine issues."  (Dkt. #24, p.9).  The Court agrees.  Although the administrative record in this case was lengthy, the only issue raised before the Court was narrow: whether the ALJ properly determined that Plaintiff was disabled as of June 6, 2004, but not prior to that date.  (Dkt. #21, p.2).  In addition, Plaintiff's counsel specializes in Social Security disability litigation; that specialization, although not in and of itself sufficient to grant a reduction in hours claimed, see Patterson, 99 F.Supp.2d at 1213, means that her challenges to the ALJ's

decision concerning conflicting medical opinions, credibility, third party statements, and presumptive disability under the Listings, are likely routine in her practice. Thus, having reviewed the submitted itemization of attorney time, without the benefit of a Reply from Plaintiff with respect to Defendant's requested reductions, the Court concludes that Defendant's requested four hour reduction in Plaintiff's claimed attorney hours is warranted due to the routine nature of this action in light of Plaintiff's experience in such litigation.[1]

Second, the Commissioner requests that Plaintiff's claimed attorney hours be reduced by three hours because "Plaintiff's attorney did not succeed in all her arguments . . ." (Dkt. #24, p.9). The Court disagrees. Although "work on an unsuccessful *claim* cannot be deemed to have been expended in pursuit of the ultimate result achieved[,] . . . . [l]itigants in good faith may raise *alternative legal grounds* for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." Hensley, 461 U.S. at 435 (emphasis added) (internal quotation marks and citation omitted). Plaintiff obtained her requested relief: remand for benefits based on an alleged disability onset date of June 15, 2001. Although Plaintiff did not succeed on some of her arguments, she succeeded on others and ultimately obtained the relief requested. This is not a situation where Plaintiff failed to prevail on claims unrelated to the claims on which she succeeded or achieved such a low level of success to make the hours expended an unsatisfactory basis for making a fee award. Cf. Atkins v. Apfel, 154 F.3d 986, 988-89 (9th Cir. 1998) (remanding to the district court to consider the relationship between the amount of the fee awarded and the results obtained, and

---

[1]The decision to reduce hours claimed is also based on the fact that some of the hours claimed appear excessive, redundant, or otherwise unnecessary, including, but not limited to, hours claimed for receiving and reviewing notice of appearances, hours claimed with respect to drafting and serving summonses, receiving and reviewing notice of service of scheduling order, receiving and reviewing electronic receipt of filing fee, receiving confirmation of service on the parties involved, et cetera.

indicating that attorney's fees may be reduced where the plaintiff pursued an unsuccessful appeal).

Third, the Commissioner requests that Plaintiff's claimed attorney hours be reduced by 0.9 hours "for seeking extensions of time" because "this claimed time was not reasonably spent, ran solely to Plaintiff's attorney's benefit, should not be billed to Plaintiff, and therefore should not be billed to the government." (Dkt. #24, p.10). The Court agrees in part. Plaintiff's requested fees for drafting a motion for extension of time to serve Defendant and receiving and reviewing the Court's Order granting said motion appears unnecessary. See Hensley, 461 U.S. at 434 (reduction in hours claimed is warranted where hours claimed are "excessive, redundant, or otherwise unnecessary"). However, the Court cannot say the same of Plaintiff's Motion for Extension of time to respond to Defendant's Cross-Motion for Summary Judgment, as Defendant himself "acknowledges the lengthy administrative record." (Dkt. #24, p.9). Then again, the subsequent hours claimed for reviewing the Court's Order granting that motion appear unnecessary. As such, the Court will adjust Plaintiff's requested fee award downward by 0.6 hours.

Fourth, the Commissioner notes that Plaintiff's attorney claims 2.3 hours for communications with Plaintiff after the Complaint was filed; the Commissioner requests that the Court reduce that by 1.3 hours as "this was a review of the agency's decision, based on a closed administrative record, . . . and [ ] no additional evidence was offered." (Dkt. #24, p.10). The Court disagrees. The position advanced by the Commissioner appears to be based on defense counsel's own opinion as to the time necessary for Plaintiff's counsel's communication with Plaintiff. Defendant offers no authority to suggest that time billed for such communication is unreasonable. Furthermore, Plaintiff's counsel's communications with Plaintiff all appear directly related to the litigation and compensable as attorney tasks as opposed to administrative tasks. Thus, the Court will not reduce Plaintiff's attorney hours for attorney-client communications as requested by the Commissioner.

Finally, the Commissioner requests that Plaintiff's claimed attorney hours be reduced from 1.5 to 0.75 hours with respect to Plaintiff's counsel's work on the instant EAJA attorney fee matter "to reflect the unsuccessful fee petition." (Dkt. #24, p.10). The Commissioner cites to <u>Durett v. Cohen</u> for the proposition that a reduction in fees claimed for work on the merits should generally be accompanied by a reduction of the fees requested for work on the fee petition. 790 F.2d 360, 363 (3d Cir. 1986) ("[T]he district court gave no explanation for the seemingly inconsistent result of reducing the fees for work on the merits but granting the entire fee claimed for work on the fee petition."). The Court agrees with that proposition. Here, as the reduction in hours claimed made by the Court is relatively small, the Court concludes that only a 0.25 hour reduction is warranted. However, the Court concludes that an additional 0.5 hour reduction is warranted with respect to Plaintiff's counsel's work on the instant EAJA attorney fee request because the claimed time includes time spent researching the EAJA, which the Court finds excessive and unnecessary in the light of Plaintiff's counsel's experience in filing EAJA fee applications, the brevity of the instant application, and the fact that Plaintiff cites only one case. As such, the Court will adjust Plaintiff's claimed attorney hours downward by 0.75 hours.

In sum, the Court will reduce Plaintiff's total claimed hours by 5.35 hours, from the requested 37.1 hours to 31.75 hours. <u>See</u> <u>Hardy v. Callahan</u>, 1997 WL 470355, at *9 (E.D. Tex. 1997) (observing that the "typical EAJA application in social security cases claims between thirty and forty hours," which "appears to be an appropriate average for relatively non-complex social security cases"). Therefore, based on the uncontested hourly fee of $166.46, the total EAJA attorney's fee award is $5,285.11, compared to the $6,175.66 requested by Plaintiff.[2]

---

[2]Plaintiff is also entitled to an award of costs under the EAJA, 28 U.S.C. § 2412(a)(1). The Commissioner does not contest Plaintiff's request for $350.00 in costs. However, as costs, unlike expenses, are administered by the U.S. Department of Justice, the Court will direct that the $350.00 awarded to Plaintiff for costs shall be paid out of the Judgement Fund.

### C.   EAJA Award Disbursement

In addition to the above dispute regarding the reasonableness of Plaintiff's requested attorney's fees, Defendant asks that the Court direct payment of any awarded EAJA attorney's fees to Plaintiff and not Plaintiff's attorney.  (Dkt. #24, pp. 11-13). However, as the Court recently held in <u>McMahon v. Astrue</u>, "although the Court finds that § 2412(d)(1)(A) of the EAJA requires that attorney's fees must be sought by, and awarded to, the plaintiff and not his or her attorney, the Court also finds that EAJA conversely allows, and indeed anticipates, that such fee awards will be directly payable to the plaintiff's attorney and not the plaintiff."  2008 WL 4183018, at *8 (D. Ariz. 2008).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. #23) is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded attorney's fees totaling $5,285.11, resulting from 31.75 attorney hours at an hourly rate of $166.46.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $350.00 in costs per 28 U.S.C. § 2412(a)(1), to be paid out of the Judgement Fund, as administered by the United States Department of Justice.

**IT IS FURTHER ORDERED** that the attorney fee and cost award of $5,285.11 shall be made payable to Plaintiff's counsel.

DATED this 17th day of April, 2009.

Mary H. Murguia
United States District Judge